UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Francisco Javier Martinez Briseno, *aka Franciso Martinez,* <br><br>        Plaintiff, <br><br>vs. <br><br>Larry W. Powers, Director Spartanburg Detention Center; Medical Staff, of Spartanburg Detention Center, <br><br>        Defendants. | C/A No. 8:10-1373-CMC-BHH <br><br><br><br> Report and Recommendation |

This is a civil action filed *pro se* by a local detention center inmate.[1] Plaintiff is currently confined at the Spartanburg County Detention Center. This is the second civil action he has filed in this Court alleging that he was subjected to medical indifference when he complained about a "pimple on [his] right knee." *See Martinez v. Powers*, Civil Action No. 8:08-2716-CMC (summary judgment for defendants; dismissed with prejudice). He claims that his requests for medical care were ignored for some time and that the skin condition spread to other parts of his body, even though he was ultimately provided with medical treatment. In fact, with the exceptions of it being written in a different handwriting and having a request for an "open amount of compensation . . ." rather than a request for a sum certain, the Complaint filed by Plaintiff is this case is essentially identical to the complaint that was considered and ruled upon on the merits by the Court in Civil Action No. 8:08-2716-CMC. As indicated above, the Court granted summary judgment to the defendants in Civil Action No. 8:08-2716-CMC and dismissed the case "with prejudice," thus precluding Plaintiff from subsequently raising the same allegations and making the same claims

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

as those considered in that case. *Black's Law Dictionary*, Dismissed with prejudice (8th ed. 2004) ("'removed from the court's docket in such a way that the plaintiff is foreclosed from filing a suit again on the same claim or claims.").

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Following close review of the allegations contained in the Complaint filed in this case, it is clear that this case is completely duplicative of Civil Action No. 8:08-2716-CMC. As a result, this case should be summarily dismissed because it is frivolous. The Court will not entertain two separate, identical lawsuits filed by the same individual against the same parties. To do so would

fly in the face of the important interests of judicial efficiency and economy. As the United States Court of Appeals for the Fifth Circuit commented when faced with similar circumstances:

> The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient.

*Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

Moreover, as stated previously, since Civil Action No. 8:08-2716-CMC resulted in a dismissal "with prejudice," the relief Plaintiff seeks: a different result in a case that was fully litigated, considered, and decided on the merits – is barred by the doctrine of *res judicata*. It is clear that Plaintiff is, in fact, attempting use this Complaint to re-litigate Civil Action No. 8:08-2716-CMC. He may not do so under established principles of law. *See Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992)(district court erred in denying motion for summary judgment based on *res judicata* where plaintiff attempted, after having brought suit including an ADEA claim, to bring a subsequent suit in a different court alleging breach of contract); *Hogue v. Royce City*, 939 F.2d 1249, 1253 (5th Cir. 1991)(ADEA claims subject to dismissal because of previous suit on wrongful discharge); *Langston v. Ins. Co. of N. Am.*, 827 F.2d 1044, 1048-49 (5th Cir. 1987)(*res judicata* barred suit under ADEA where previous suit was for wrongful discharge). In *Polsby v. Thompson*, 201 F. Supp. 2d 45 (D. D.C. 2002), the district court explained the criteria for *res judicata*:

> *Res judicata* bars a claim when there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action. *See I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.,* 723 F.2d 944, 946-47 (D.C.Cir.1983). The four factors that must exist for *res judicata* to apply are (1) an identity of parties in both suits; (2) a judgment rendered by a court of competent jurisdiction; (3) a final judgment on the merits; and (4) the same cause of action in both suits. *See Brannock Assocs., Inc. v. Capitol 801 Corp.,* 807 F.Supp. 127, 134 (D.D.C.1992) (citing *U.S. Industries, Inc. v. Blake Constr. Co.,* 765 F.2d 195, 205 n. 21 (D.C.Cir.1985)). The purpose of *res judicata* is to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." *Hardison v. Alexander,* 655 F.2d 1281, 1288

(D.C.Cir.1981).

> Determining whether a particular ruling fulfills each factor necessary for *res judicata* to apply requires a careful assessment of what each factor demands. First, a nonparty may be in privity with a party to the prior action if the nonparty's interests are "adequately represented by a party to the original action." *See American Forest Res. Council v. Shea,* 172 F.Supp.2d 24, 31 (D.D.C.2001) (quoting *Tyus v. Schoemehl,* 93 F.3d 449, 454 (8th Cir.1996)). Also, the doctrine of *res judicata* applies to all the parties' rights regarding matters that could have been litigated as well as those matters that were actually litigated. *See I.A.M. Nat'l Pension Fund,* 723 F.2d at 947. Finally, for *res judicata* to apply, the court must have made a final ruling based on the merits of the case. *See U.S. Indus.,* 765 F.2d at 205-06. A traditional judgment on the merits of a case is one that disposes of the underlying cause of action. *See Cromwell v. County of Sac,* 94 U.S. 351, 352, 24 L.Ed. 195 (1877). More generally, a judgment is considered on the merits when a court renders a decision after considering the legal claim. *See Harper Plastics, Inc. v. Amoco Chems. Corp.,* 657 F.2d 939, 943 (7th Cir.1981); 18 Moore's Federal Practice § 131 .30[3][a] (3d ed.2000). In other words, a ruling is a judgment on the merits if it "is based on legal rights as distinguished from mere matters of practice, procedure, jurisdiction, or form." *Id.* (quoting *Fairmont Aluminum Co. v. Comm'r,* 222 F.2d 622, 625 (4th Cir.1955)).

*Polsby*, 2002 WL 759625; *see also Shoup v. Bell & Howell*, 872 F.2d 1178, 1182 (4th Cir. 1989)("'[J]ustice is better served by attributing finality to judgments . . . than by second efforts at improved results.'"). This case *vis a vis* Civil Action No. 8:08-2716-CMC satisfies the listed criteria for application of the *res judicata* doctrine.

Finally, Plaintiff should be aware that the United States Congress determined quite some time ago that in every federal lawsuit filed by a prisoner in this country, the prisoner becomes financially responsible for a non-dischargeable debt to the United States government in the full amount of the court filing fee in effect at the time the case is filed. This debt becomes the prisoner's financial responsibility under the applicable statutes whether the case he or she files is ultimately served and pursued to summary judgment or trial or whether it is dismissed by the Court following initial review. This determination by the Congress was made the law of the land and is published in the United States Code. *See* 28 U.S.C. §§ 1914, 1915. Accordingly, it is in

Plaintiff's financial interests to carefully consider the number of federal lawsuits that he files, particularly the number of clearly duplicative lawsuits such as this one.

## **Recommendation**

Accordingly, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Furthermore, since the Complaint filed in this case is substantially frivolous, 28 U.S.C. § 1915A(b)(1) is applicable in this case. Hence, I also recommend that this case be deemed a "strike" for purposes of the "three strikes" rule of 28 U.S.C. § 1915(g). *See McLean v. U.S.*, 566 F.3d 391 (4th Cir. 2009).

Plaintiff's attention is directed to the important notice on the next page.

                                                                         s/Bruce Howe Hendricks
                                                                        United States Magistrate Judge

June 15, 2010
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>Post Office Box 10768
>Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).